UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIAMS,<br><br>       Plaintiff,<br><br>       v.<br><br>S. STEGLINSKI, et. al.,<br><br>       Defendants. | Case No.: 1:12-cv-00786-AWI-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO WITHDRAW, WITHOUT PREJUDICE, THE PORTION OF PENDING MOTION TO DISMISS RELATING TO EXHAUSTION OF ADMININSTRATIVE REMEDIES, AND RE-FILE WITHIN THIRTY DAYS AS MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 33) |

Plaintiff Gary Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Defendants Horton, Kaur, and Epperson's request to convert the motion to dismiss into motion for summary judgment; or to withdraw motion, and permit filing of a motion for summary judgment in lieu of answer. (ECF No. 33.)

On February 21, 2014, Defendants filed a motion to dismiss on the grounds that (1) the complaint fails to state a cognizable claim for relief against Epperson and Horton, and defendants are entitled to qualified immunity and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and (2) Plaintiff failed to exhaust the administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) as to the claims against Epperson, Horton, and Kaur. (ECF No. 18.) Plaintiff filed an opposition on April 23, 2014. (ECF No. 34.)

1  At the time Defendants filed their motion, Defendants were required to raise the issue of
2 exhaustion of administrative remedies by way of an unenumerated Rule 12(b) motion to dismiss under
3 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Defendants provided Plaintiff with the
4 "Wyatt notice" advising him of the requirements for opposing a motion to dismiss for failure to
5 exhaust.  (ECF No. 18.)
6  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued its opinion in
7 Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. April 3, 2014) (en banc), overruling
8 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device
9 for raising the issue of administrative exhaustion.   Following the rationale set forth in Albino,
10 Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule
11 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion
12 for summary judgment.  Albino, 2014 WL 1317141, at *4 (quotation marks omitted).  An
13 unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of
14 exhaustion.  Id.
15  Defendants request that the Court either issue an order converting the motion to dismiss for
16 failure to exhaust into a motion for summary judgment, and provide Plaintiff with the notice pursuant
17 to Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), or allow them to withdraw the portion of the
18 motion to dismiss relating to exhaustion, to renew by way of motion for summary judgment within
19 thirty days.  In light of the decision in Albino, the Court will grant Defendants' request to withdraw
20 the motion to dismiss relating to exhaustion without prejudice, and re-file a motion for summary
21 judgment within thirty days.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly,

IT IS HEREBY ORDERED that:

1. Defendants' request to withdraw the motion to dismiss without prejudice is GRANTED; and

2. Within thirty (30) days from the date of service of this order, Defendants may file a motion for summary judgment.

IT IS SO ORDERED.

Dated:   **April 29, 2014**

UNITED STATES MAGISTRATE JUDGE