1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  GARY WILLIAMS,                          )   Case No.: 1:12-cv-00786-AWI-SAB (PC)
                                            )
12              Plaintiff,                  )   ORDER DENYING AS MOOT PLAINTIFF'S
                                            )   PENDING MOTIONS
13       v.                                 )
                                            )   (ECF Nos. 18, 30, 35)
14  S. STEGLINSKI, et. al.,                 )
                                            )
15              Defendants.                 )
                                            )
16  _____)

17          Plaintiff Gary Williams is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.

19          This action is proceeding against Defendants Steglinski and Dyer for use of excessive force,

20  against Defendant Kaur for deliberate indifference to a serious medical need, and against Defendants

21  Epperson and Horton for retaliation.

22          On February 21, 2014, Defendants filed a motion to dismiss on the grounds that (1) the

23  complaint fails to state a cognizable claim for relief against Epperson and Horton, and defendants are

24  entitled to qualified immunity and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules

25  of Civil Procedure and (2) Plaintiff failed to exhaust the administrative remedies prior to filing suit, as

26  required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) as to the claims against

27  Epperson, Horton, and Kaur.  (ECF No. 18.)  Plaintiff filed an opposition on April 23, 2014.  (ECF

28  No. 34.)

On April 30, 2014, the Court granted Defendants' request to withdraw their motion to dismiss in light of the Ninth Circuit's recent decision in <u>Albino v. Baca</u>, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. April 3, 2014) (en banc).  On May 30, 2014, Defendants filed a motion for summary which now renders the motion to dismiss moot and it shall be denied on that basis.  Defendants provided Plaintiff with the proper notice pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 962-963 (9th Cir. 1998) (en banc) for the requirements in filing an opposition to the pending motion to summary judgment.  This motion is unaffected by this order.  Plaintiff must timely respond to this motion.

On April 9, 2014, Plaintiff filed a motion to amend the Court's order of September 20, 2013, which directed service by the U.S. Marshal.  Plaintiff seeks to submit 602 inmate appeals that he contends are relevant to the claims against the Defendants.  Inasmuch as Plaintiff has submitted the same inmate appeals (of which the Court takes judicial notice), along with his opposition to Defendants' prior motion to dismiss, his motion to amend to submit such documents is moot.

On April 23, 2014, Plaintiff filed a motion requesting the Court to accept his opposition to Defendants' prior motion to dismiss in excess of 20-page limit.  Plaintiff is advised the Court has accepted for filing Plaintiff's opposition to Defendants' prior motion to dismiss and his request is therefore moot.

Accordingly,

IT IS HEREBY ORDERED that:

1.  Defendants' motion to dismiss filed on February 21, 2014 is DENIED as MOOT;

2.  Plaintiff' motion to amend the Court's September 20, 2013, order is DENIED as MOOT; and

3.  Plaintiff's motion to accept his opposition in excess of 20 pages is DENIED as MOOT.

IT IS SO ORDERED.

Dated:  __**June 3, 2014**__

_____
UNITED STATES MAGISTRATE JUDGE