**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. STEGLINSKI, et. al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00786-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 38, 41, 45 ) |

Plaintiff Gary Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL BACKGROUND**

This action is proceeding on Plaintiff's complaint filed May 14, 2012, against Defendant Kaur for deliberate indifference to a serious medical need, against Defendants Epperson and Horton for retaliation in violation of the First Amendment, and against Defendants Steglinksi and Dyer for excessive force in violation of the Eighth Amendment.

On February 21, 2014, Defendants Epperson, Horton, and Kaur filed a motion to dismiss the complaint for failure to exhaust the administrative remedies. On this same date, Defendants Dyer and Steglinski filed an answer to the complaint. Plaintiff filed an opposition to Defendants' motion on April 23, 2014, and Defendants filed a reply on April 24, 2014.

In the interim, on April 22, 2014, Defendants filed a motion requesting the Court to convert the pending motion to dismiss into a motion for summary judgment based on the intervening Ninth Circuit's decision in Albino v. Baca, 747 F.3d 1162 (9th Cir. Apr. 3, 2014). In the alternative, Defendants requested that they be allowed to withdraw the motion to dismiss without prejudice to refiling as a motion for summary judgment.

On April 30, 2014, the Court granted Defendants' request to withdraw, without prejudice, the motion to dismiss filed February 21, 2014.

On May 30, 2014, Defendants Kaur, Horton, and Dyer filed a motion for summary judgment.[1] Plaintiff filed an opposition on June 27, 2014, and Defendants filed a reply on July 7, 2014.

## II.

## DISCUSSION

### A.  Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

///

---

[1] Defendants Steglinski and Dyer did not move for summary judgment on the claim of excessive force against them. To the extent Plaintiff argues at length in his opposition that the claims against these defendants are meritorious, such arguments are irrelevant for purposes of analysis of the instant motion and will not be addressed herein.

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

**B.     Exhaustion under the Prisoner Litigation Reform Act**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

///

1    The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under
2 which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at
3 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an
4 unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the
5 pleadings and decide disputed issues of fact.  Stratton, 697 F.3d at 1008; Morton v. Hall, 599 F.3d
6 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed
7 to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v.
8 Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

9    The California Department of Corrections and Rehabilitation (CDCR) has an administrative
10 grievance system for prisoners to appeal any departmental decision, action, condition, or policy having
11 an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process
12 was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15,
13 § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or
14 of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal
15 may be involved, including the informal level, first formal level, second formal level, and third formal
16 level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a),
17 California state prisoners are required to use this process to exhaust their claims prior to filing suit.
18 Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28,
19 2011, the inmate appeals process was modified and limited to three level of review with provisions
20 allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

21   **C.**   **Objections to Evidence Submitted by Plaintiff in Support of Opposition**

22    Defendants have submitted numerous objections to the evidence submitted in opposition to
23 their motion for summary judgment.  Because the objections and rulings thereto do not impact the
24 analysis to the instant motion for summary judgment, the Court need not and will not address each of
25 Defendants' objections in detail.

26    **Objection No. 1** is GRANTED as Plaintiff's declaration is incomplete as it fails to attach a
27 referenced exhibit.  Plaintiff claims he has "attached to his motions submission, an appeal (Exhibit B)
28 which was screened out on July 1, 2010 by B. Daveiga at Kern Valley State Prison, said screening

4

containing confusing information that led me to believe the appeal was a moot issue and nonapplicable to my complaint-action involved in my civil suit and thus same with the Courts (Doc. #11) order." This exhibit is not attached.  In addition, the reference to the Court's (Doc. #11) order appears to be irrelevant to this motion.

**Objection Numbers 2 through 27:** Defendants' objections are GRANTED on the basis of relevancy as this motion concerns only whether Plaintiff exhausted his administrative remedies as to his claims against Kaur, Epperson, and Horton; whether Plaintiff has stated a claim against Epperson or Horton; and whether Horton and Epperson are entitled to qualified immunity, and all the material cited and/or referenced is irrelevant to such determination.

**D.   Statement of Undisputed Facts[2]**

a.  Plaintiff is an inmate currently incarcerated with the CDCR at California State Prison Los Angeles County (CSP-Los Angeles), at which he has been housed since January 27, 2012.

b.  From May 1, 2010, to February 9, 2011, Plaintiff was an inmate at Kern Valley State Prison (KVSP).

c.  From February 9, 2011, to January 27, 2012, Plaintiff was an inmate at California State Prison-Corcoran (CSP-Corcoran).

d.  On May 24, 2010, Plaintiff was on the yard of Facility A of KVSP when a fight broke out close to where Plaintiff was located.

e.  Plaintiff and the other inmates in the yard were ordered to prone out.

f.  During the time KVSP staff were subduing the fight, Plaintiff claims he was struck in the neck by a projectile fired from Defendant Steglinski's 40 mm less than lethal weapon.

---

[2] Despite the advisement (ECF No. 38, at 3), Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed.  Local Rule 56-260(b).  Therefore, defendant's statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint and opposition.  <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004); <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

g. During the time KVSP staff were subduing the fight, Plaintiff claims he was pepper sprayed by Defendant Dyer.

h. After the fight was subdued, Plaintiff was taken to the KVSP facility A medical clinic.

i. At the clinic, Plaintiff was examined by Defendant Kaur, and Plaintiff claims Kaur did not provide him any means of decontaminating himself from the pepper spray.

j. Plaintiff alleges that while he was in a holding cell in medical, he orally complained to Epperson regarding being shot in the neck and not receiving medical treatment.

k. Plaintiff claims because he previously complained to Defendant Epperson about being shot for no reason, Epperson and Horton conspired to "use coercion to chill Plaintiff's exercise of his First Amendment right to pursue a formal grievance against Defendants Steglinski's and Dyer's unnecessary use of force." (ECF No. 1, Compl. at 6, ¶ 15.)

l. Plaintiff alleges Epperson and Horton chilled his right to pursue a formal grievance against Steglinski and Dyer by causing him to be placed in administrative segregation on May 25, 2010, even though he was not involved in the fight.

m. Plaintiff was released from administrative segregation on May 27, 2010, after the KVSP classification committee determined he was not involved in the fight that occurred on May 24, 2010.

n. CDCR provides its inmates with an administrative appeal process in which prisoners may administratively appeal a decision, action, condition, policy, or omission, made by the Department or its staff, relating to any adverse effect on an inmate's welfare.

o. Plaintiff was aware of and utilized the inmate appeals process.

p. Approximately a week following Plaintiff's release from administrative segregation, Plaintiff submitted an inmate appeal to KVSP assigned log number KVSP-0-10-01234.

q. Appeal Number KVSP-0-10-01234 complained of facts relating to the incident which occurred on May 24, 2010, and was denied at the third level of review.

r. Appeal number KVSP-0-10-01234 did not complain about Epperson and Horton's alleged conspiracy to violate Plaintiff's First Amendment rights in retaliation for Plaintiff orally complaining to Epperson about being shot by Steglinski or pepper

sprayed by Dyer.[3]

    **s.**    The only other appeal filed by Plaintiff at KVSP was appeal number KVSP-0-10-02112, and it was screened out with no log number**.**

    t.    Neither appeal KVSP-0-10-02112 nor the one screened out at KVSP concerned Plaintiff's treatment by Kaur, or Epperson and Horton.

    u.    Plaintiff filed no medical appeals at KVSP concerning his medical treatment after the May 24, 2010, fight.

    v.    In 2010, CDCR appeal regulations required an inmate to file an appeal within fifteen working days of the event or decision being appealed, to use the required form, to describe the problem and action requested, and to proceed to the highest level of administrative review available before seeking judicial relief.

    1.    <u>Availability of Administrative Remedy to Plaintiff</u>

At the relevant times to this dispute, Plaintiff has been an inmate at the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff was aware of and utilized the inmate appeals process through the third and final level of administrative review.  (UMF o- q; Decl. of M. Seaman ¶ 15, Exs A-C; Decl. of J. Zamora ¶ 5, Ex. A.)  Thus, there is no dispute that Plaintiff was aware of and utilized the administrative remedy process available to him.  <u>Albino v. Baca</u>, 747 F.3d at 1173-1176.

    2.    <u>Exhaustion of Administrative Remedies as to Retaliation Claim Against Defendants Horton and Epperson</u>

Defendants argue and Plaintiff concedes that he failed to exhaust the administrative remedies as to his retaliation claim against Defendants Horton and Epperson, and Plaintiff requests to voluntarily dismiss this claim and defendants from the action.  (ECF No. 41, Opp'n at 1, 4-5.)  Defendants oppose voluntarily dismissal of the claim because Rule 41(a) only allows a Plaintiff to voluntarily withdraw a claim prior to the filing of a motion for summary judgment.  (ECF No. 45, Reply, at 2.) (citing Fed. R. Civ. P. 41(a)(1)(A)(i).)  Defendants are correct, Plaintiff may not

---

[3] As will be discussed below, Plaintiff concedes that he did not exhaust the administrative remedies as to the retaliation claim against Defendants Epperson and Horton, and requests to voluntarily withdraw this claim. (ECF No. 41, Opp'n at 1.)

7

voluntarily, without court order, dismiss the claim against Defendants Horton and Epperson subsequent to their filing of the instant motion for summary judgment. Federal Rule of Civil procedure 41(a)(1)(A) provides that … "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)((1)(A)(i)-(ii). The Court finds Plaintiff's request to voluntarily dismiss Defendants Horton and Epperson should be denied in light of the finding below that Plaintiff failed to exhaust the administrative remedies and these Defendants are entitled to judgment as a matter of law.

The retaliatory action as alleged in the complaint against Horton and Epperson took place on May 24-25, 2010, and Plaintiff concedes no appeal was filed against them. In 2010, Plaintiff was required to file a grievance within 15 working days of the time the conduct he is complaint about occurred. (Cal. Code Regs. Tit. 15 § 3084.6(c)). Thus, the time period to file a grievance relating to Horton and Epperson's conduct has expired and Plaintiff cannot now exhaust the administrative remedies as to them, and it is clear (with no evidence to the contrary) that Plaintiff had the opportunity to timely exhaust this claim had he chosen to do so. See Woodford v. Ngo, 548 U.S. 81, 88-103 (2006) (prisoner must exhaust in a timely manner, consistent with prisoner policies). Accordingly, Defendants Epperson and Horton are entitled to summary judgment.[4]

3. Exhaustion of Administrative Remedies as to Medical Claim Against Defendant Kaur

Defendant Kaur argues that Plaintiff did not exhaust the administrative remedies as to the claim of deliberate indifference to his medical needs following the May 24, 2010, incident involving the use of pepper spray. As alleged in the complaint, Plaintiff contends Defendant Kaur was deliberately indifferent to his serious medical needs by failing to provide water in an effort to decontaminate himself following the use of pepper spray. Plaintiff specifically alleges that Defendant Kaur "could and did see the isolation cage did not have water, nor allowed access to water, and could both see and smell that Plaintiff had been contaminated with "Pepper Spray." (ECF No. 1, Compl. at ¶ 7.) Plaintiff also claims he informed Defendant Kaur that the pepper spray was burning his eyes,

---

[4] Because the Court finds that dismissal of the retaliation claim for lack of exhaustion is warranted, the Court does not address Defendants' alternative argument that Plaintiff fails as a matter of law.

8

1  nose, throat, and skin.  (Id.)  Plaintiff further contends that "Defendant Kaur disregarded Plaintiff's
2  pain, safety and discomfort …, by not offering Plaintiff access to water or some other form of
3  decontamination, or causing Plaintiff to be offered access to water or some other form of
4  decontamination, during the entire time Plaintiff was in the isolation cage."  (Id. at ¶ 8.)  Plaintiff
5  asserts he "was forced to endure the severe burning pain induced by being contaminated with the
6  '[p]epper [s]pray", because Defendant Kaur did not offer Plaintiff access to water or some other form
7  of decontamination…."  (Id. at ¶ 9.)
8        Defendants argue that Plaintiff's sole inmate appeal pertaining to the May 24, 2010, incident
9  does not mention anything relating to decontamination, burning from pepper spray, or Defendant
10  Kaur's failure to provide decontamination as alleged in the instant complaint.  Defendants submit
11  evidence, and Plaintiff does not contradict, that Plaintiff did not file any other appeals related to the
12  May 24, 2010, incident or Defendant Kaur's failure to decontaminate him.  (Decl. of M. Seaman, Exs.
13  B, C, D; Decl. of J. Zamora, Ex. A; Decl. of J. Todd, ¶ 5, Ex. A; Decl. of R. Robinson ¶ 7-8.)
14        In opposition to the motion, Plaintiff submits and relies solely on appeal number KVSP 0-10-
15  1234.  (ECF No. 41, Opp'n, at pgs. 5-7;10-12, Ex. A.)  Plaintiff argues that CDCR's appeal
16  regulations prevented him from filing a separate appeal as to the failure to decontaminate.  Plaintiff
17  also argues that although his "appeal is inartfully written," it clearly implies that he was denied
18  medical care following the incident involving the use of pepper spray and his need for
19  decontamination.
20        **a.**    **Prevention of Exhaustion Based on Appeal Regulations**
21        As just stated, Plaintiff contends that the regulations in place in 2010 prevented him from filing
22  an appeal as to Kaur's failure to provide him with a means to decontaminate.  (ECF No. 41, Opp'n at
23  6-7.)  Plaintiff contends the regulations limited him to "a one-page continuation sheet" and limited the
24  number of appeals he could file to one grievance "every 15 days."  (Id. at 6.)
25        First, Plaintiff's claim is flawed and not supported by any evidence.  Plaintiff does not allege
26  that he attempted to file an appeal regarding the decontamination allegations against Defendant Kaur,
27  and that it was rejected because it exceeded the page limitation.  Rather, Plaintiff merely presents the
28  conclusory claim that his appeal was limited to one continuation page.  In fact, Plaintiff fails to

9

1  recognize that although he was limited to one continuation page, the applicable regulations in 2010

2  allowed for "one continuation page, front and back, … to describe the problem. (Cal. Code Reg. tit.

3  15, § 3084.2 (2009)). Plaintiff's appeal number KVSP 0-10-01234 only utilized the front of his

4  allotted continuation page, thus, Plaintiff had an additional page on which he could have, but did not,

5  describe the complaint regarding the failure to decontaminate. (Decl. of M. Seaman, Ex. B.)

6  Moreover, Plaintiff's argument that he could only submit one appeal every 15 days, and

7  therefore he could not file another appeal as to the failure to decontaminate, is without merit. In 2010,

8  the applicable regulation in place, section 3084.4 provided "One appellant's submission of more than

9  one non-emergency appeal within a seven day calendar period shall be considered excessive." (Cal.

10 Code Regs. tit. 15, § 3084.4(a)) (2009). In addition, the mere filing of more than one appeal within

11 the seven day period did not mean another appeal filed within seven days of a prior appeal was

12 automatically rejected. Rather, the regulations provided that if excessive appeals are filed, "the first

13 appeal received shall be processed normally and all subsequent non-emergency appeals filed within

14 the seven calendar period by that individual shall be suspended." (Cal. Code Regs. tit. 15, §

15 3084.4(a)(1)). "The appeals coordinator shall consult with the chief, inmate appeals, who shall

16 determine further action to be taken on the suspended appeal." (Cal. Code Regs. tit. 15, §

17 3084.4(a)(2)). Accordingly, the plain language of the regulations did not automatically provide for

18 rejection of appeals submitted within less than seven days of each other.

19 Furthermore, Plaintiff's argument fails on the merits because he has failed to present evidence

20 that he was prevented from filing an appeal pertaining to the failure to decontaminate, and there is no

21 dispute that the administrative remedy was available to him and he knew how to use it. Because

22 Defendant has demonstrated the availability of an administrative remedy, "the burden shifts to the

23 prisoner to come forward with evidence showing that there is something in his particular case that

24 made the existing and generally available administrative remedies effectively unavailable to him."

25 Albino v. Baca, 747 F.3d at 1172. Plaintiff has failed to present evidence that he was prevented from

26 filing an appeal relating to Defendant Kaur's alleged medical indifference. In fact, Plaintiff makes no

27 allegation that he sought to submit an appeal but did not so because of his mistaken belief that he was

28 barred by the regulations. Accordingly, Plaintiff's argument that the regulations in place at the

1 relevant time prevented him from filing a further grievance regarding Defendant Kaur's actions is
2 without merit and does not preclude summary judgment in favor of Kaur.

        **b.**        **Exhaustion by way of Appeal KVSP 0-10-01234**

Plaintiff argues that although "inartfully" written, appeal number KVSP 0-10-01234 placed officials on notice as to his claim against Defendant Kaur. Specifically Plaintiff argues that prison officials knew he was placed in a cage without water or toilets to gain access to decontaminate. Plaintiff contends that although he "didn't specifically mention the actual words, that Defendant Kaur did not provide access to water, to decontaminate, it is still (very well) known by prison officials . . ." (ECF No. 41, Opp'n at 11.) Plaintiff reasons that because he described the excessive force and pain suffered for more than 8 hours while held in the medical clinic under the care of Defendant Kaur, appeal KVSP 0-10-01234 is sufficient notice to exhaust as to this claim.

The issue here is whether Plaintiff provided enough information in his appeal to allow prison officials to take appropriate responsive measures against Defendant Kaur. See Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009). Plaintiff was not required in his appeal to include legal theories or every fact necessary to prove each element of an eventual legal claim. Id. at 1120. The relevant prison regulation only required Plaintiff to describe the problem, which, with respect to his deliberate indifference claim as to Defendant Kaur, was that he failed to provide water and/or other means to decontaminate himself while he was held in isolation following the use of pepper spray by other defendants. See Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012); cf. McCollum v. Cal. Dept. of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (while inmates grievances provided notice of the failure to provide certain general Wiccan religious needs and free exercise they were not sufficient to place on notice that the chaplaincy-hiring program itself was the problem); Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010) (appeal grieving decision to deny visitation with minors did not place prison on notice of the plaintiff's claim that staff conduct contributed to a prior assault on him by inmates).

Having considered the arguments and the reviewing the entire language of Plaintiff's appeal, the Court agrees with Defendant that appeal number 0-10-01234 did not provide KVSP prison officials with sufficient information to put them on notice that Plaintiff was asserting a claim of

deliberate indifference for failure to provide access to materials for decontamination following the use of pepper spray against Defendant Kaur. The sole basis of Plaintiff's claim against Defendant Kaur is the fact that he failed to provide access to water and/or other means to decontaminate himself while he examined him in the holding cage. This grievance did not alert prison officials to the gravamen of Plaintiff's claim against Defendant Kaur that he was not provided decontamination after the use of pepper spray. In appeal number KVSP-0-10-01234, Plaintiff set forth the following factual allegations:

> On May 24, 2010, while I was laying down on the yard in a prone position because of a situation on the yard, I was shot in the neck with the 40 millimeter direct impact launcher by the Facility-A yard observation officer. I was then taken to the yard clinic, also suffering from pepper spray, from being sprayed by c/o Dyer, who also sprayed me while I was laying down in a prone position. The yard doctor Akano immediately ordered me to the outside hospital Delano Regional Medical Center at 2:30 p.m. I was not taken to the hospital until 10:30 p.m. My neck was severely swollen and in pain. I sat in central health for about 7 to 8 hours in pain without any pain medication. I was made to wait only because I was wrongfully shot and maced. I was shot from about 15 to 20 feet away directly in my neck. There is a chunk of meat and skin missing from my neck. I was not able to eat for 4 days only sipping very little liquids "water." I was placed in ad-seg and told by the yard Lt.[,] Sgt.[,] and c/o's I would be sent back to the yard if I kept quiet. I was released from ad-seg with all of my A1A status back in effect. Because I was not involved in any type of misconduct whatsoever. I have put in several medical slips for some type of pain relief and received nothing. [T]he c/o who shot me with the 40 millimeter weapon was irresponsible and unethical employee misconduct. [T]his is a citizen's complaint against Kern Valley State Prison peace officers and medical staff. 3391 Employee Conduct (A) (B) (D) there should be an incident report 3382(B) this was clearly a[n] assault upon me by the yard observation officer, medical staff, and Kern Valley State Prison. I'm to be free from cruel and unusual punishment and equal protection rights and to be free from staff being allowed to use force without knowing who is involved in incidents and who's not. People are being harmed here at Kern Valley State Prison and by these unprofessional practices by the staff. I pray that no reprisal be brought against me for exercising my right to the 602 appeal process, because I was assault by KVSP staff.

(Decl. of M. Seaman, Ex. B; ECF No. 41, Opp'n. Ex. A.)

The only sentence that could arguably relate to the lack of access to decontamination is being left in central health for 7 to 8 hours in pain without any pain medication. Plaintiff's general statement of lack of pain medication does not raise similar facts to the claim that Defendant Kaur intentionally denied him access to decontamination materials, including water. Thus, appeal number KVSP-0-010-

01234 could not have put prison officials on notice of the issue Plaintiff now alleges against Defendant Kaur relating to his claim of deliberate indifference by denying him access to decontamination materials. Although Plaintiff is proceeding pro se in this action, Plaintiff's appeal did not provide enough factual information similar to the claim present in the instant complaint against Defendant Kaur to put prison officials on notice and take appropriate responsive measure.  Accordingly, summary judgment in favor of Defendant Kaur should be granted.

### III.
### RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. Defendants Epperson, Horton, and Kaur's motion for summary judgment be GRANTED for failure to exhaust the available administrative remedies, and these defendants be dismissed from the action with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 1, 2014**

UNITED STATES MAGISTRATE JUDGE