UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. STEGLINSKI, et. al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-00786-AWI-SAB (PC)<br><br>**ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[ECF Nos. 58, 66, 67, 68, 69] |

　　　　Plaintiff Gary Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 9, 2015, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that Objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed objections on July 20, 2015, and Defendants filed a response on July 29, 2015. Local Rule 304(b), (d).

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be only partially supported by the record and by proper analysis. The Court cannot adopt the Magistrate Judge's conclusion that Defendant Steglinski is entitled to summary judgment.

1    The recommendation that Defendant Steglinski be granted summary judgment is based in part
2    upon the finding that the force used against Plaintiff was applied in a good-faith effort to maintain or
3    restore discipline to the yard. *See* Doc. 67 at 12. In coming to that conclusion the Magistrate Judge
4    appears to have accepted identified several material facts as undisputed, which this Court believes to
5    be in dispute. The first material fact in dispute is whether Defendant Steglinski believed Plaintiff to be
6    part of the altercation when he was shot. Defendant Steglinski has indicated that he saw four inmates,
7    including Plaintiff, fighting and rolling around on the ground. Declaration of S. Steglinski, Doc. 58-4
8    ("Steglinski Decl.") at ¶6. In support of that position, Defendant Steglinski did not explain where
9    Plaintiff was in relation to the other inmates or Defendant Steglinski,[1] what Plaintiff was doing at the
10   time he was shot, or even whether Plaintiff was standing or prone. Instead, Defendant Steglinski
11   merely noted that inmates normally move away from a fight if they are uninvolved. *Id.* Defendant
12   Steglinski did note that he stood on the catwalk almost directly above the two handball courts where
13   the inmates fought at a distance of approximately thirty to thirty five feet above the inmates. *Id* at ¶ 8.
14   In contrast to Defendant Steglinski's account, Plaintiff alleges that, when he was shot, he was between
15   ten and fifteen feet from the fight[2] (Deposition of Gary James Williams ("Pltf. Depo.") at 32:1-2), and
16   between fifteen and twenty feet from Defendant Steglinski (*Id.* at 30:16-18). Plaintiff further contends
17   that he was never part of the fight and was already prone when he was shot. *Id.* at 28:9 – 29:21.

18   The second material disputed fact in dispute is whether Defendant Steglinski intended to shoot
19   Plaintiff. Defendant Steglinski's report indicated that he fired only three shots from the 40 mm
20   launcher. Doc 62 at 6. The first was fired at the thigh of inmate Harrison, the second was at the thigh
21   of inmate Heath, and the third was again at the thigh of inmate Heath. *Id*. Defendant Steglinski
22   contends that he "was not aiming at and did not aim [his] launcher" at Plaintiff. Steglinski Decl. at ¶ 9.
23   In direct contrast, Plaintiff alleges that when he looked – from his prone position – in the direction of
24   the fight, he saw Defendant Steglinski pointing the 40 mm launcher at him then immediately thereafter

---

[1] It would likely be significant, for instance, if Plaintiff was in Defendant Steglinski's line of fire such that a missed shot at the fighting inmates might naturally hit Plaintiff without him having been the target of the shot.
[2] Plaintiff alleges that he was on one handball court and the fight was taking place on the adjacent court. It is undisputed that the handball courts did not have a dividing wall between them.

1 was hit in the neck. Pltf. Depo. at 37:13-17; 39:25 – 40:6.[3]

2 As the Magistrate Judge correctly noted, the core judicial inquiry in the excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." Doc. 67 at 12 (quoting Wilkins v. Gaddy, 559 U.S. 34, 37, 40 (2010)). Defendants' explanation is that Plaintiff misinterpreted the direction that Defendant Steglinski was pointing the 40 mm launcher, that Defendant Steglinski never fired a round at Plaintiff, and that Plaintiff, if he was hit at all, was hit by a ricochet and not a direct shot. The Court agrees that the factual characterization put forth by Defendants, standing alone, would result in a finding that Defendant Steglinski acted to restore discipline and any injury to Plaintiff was, at most, negligence. However, under Plaintiff's description, Defendant Steglinski aimed at Plaintiff despite his compliance with the officers' orders to go prone, and fired a round at him with no possible discipline restoration motivation. Because the conflicting factual situations presented fall on either side of the dividing line for an Eighth Amendment violation, this Court cannot determine that Defendant Steglinski is entitled to summary judgment.

The remainder of the Findings and Recommendations is supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on June 9, 2015, is adopted in part;
    a. Summary judgment is GRANTED in favor of all Defendants other than Defendant Steglinski;
2. The Findings and Recommendations, filed on June 2, 2015, is rejected in part;
    a. Summary judgment is DENIED as to Defendant Steglinski.

/ / /

/ / /

---

[3] The Court gives little weight to the fact that Plaintiff did not see the foam round coming toward him. It is certainly strong circumstantial evidence that Plaintiff saw Defendant Steglinski point the 40 mm launcher at him then he got hit in the neck with a round from a 40 mm launcher.

1
2    IT IS SO ORDERED.
3    Dated:   August 11, 2015                    _____
4                                                          SENIOR  DISTRICT  JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28