1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18

| | |
|---|---|
| GARY WILLIAMS, | Case No.  1:12-cv-00786-SAB |
| Plaintiff, | PRETRIAL ORDER |
| v. | ***Motion In Limine Deadlines:*** |
| | Filing:        February 22, 2016 |
| | Response:   March 14, 2016 |
| S. STEGLINSKI, | Reply:        March 21, 2016 |
| | Hearing:     March 28, 2016, at 11:00 a.m. |
| Defendant. | in Courtroom 9 (SAB) |
| | ***Trial Date:*** |
| | April 19, 2016, at 8:30 a.m. in Courtroom 9 |
| | (SAB); 2 Days |

19    This Court conducted a pretrial conference hearing on January 22, 2016.  Plaintiff Gary

20   Williams ("Plaintiff") appeared pro se, and Defendant S. Steglinski ("Defendant") appeared by

21   counsel, Arthur Mark, III.  Pursuant to the Court's September 15, 2015 trial scheduling order,

22   Plaintiff's pretrial statement was due on or before January 1, 2016.  (ECF No. 76.)  To date,

23   Plaintiff has not filed his pretrial statement, and on January 14, 2016, the Court directed Plaintiff

24   to file his pretrial statement on or before January 20, 2016.  (ECF No. 81.)  During the January

25   22, 2016 pretrial conference, Plaintiff stated that he mailed his pretrial statement on January 20,

26   2016.  However, over two weeks have now passed since Plaintiff allegedly mailed his pretrial

27   statement and the Court has not received it. Pursuant to Federal Rule of Civil Procedure 16(e)

28

and Local Rule 283, the Court issues this final pretrial order. [1]

**Plaintiff is forewarned that his continued failure to file his documents by the court ordered deadlines will result in his documents not being considered by the Court or the jury.**

## I.   JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper.  This Court has original jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343 in that Plaintiff alleges that Defendant violated his civil rights as guaranteed by the Eighth Amendment of the United States Constitution by using excessive force against him when he deployed his non-lethal weapon to stop inmates who were fighting and assaulting another inmate on the yard at Kern Valley State Prison.  Venue is proper because a substantial part of the events or omissions on which the claim is based occurred in this District.

## II.   TRIAL

Trial will begin on **Tuesday, April 19, 2016,** at **8:30 a.m.** before United States Magistrate Judge Stanley A. Boone in Courtroom 9 (SAB).  The trial will be trial by jury.  The parties estimate the trial will take 2 days.

## III.   FACTS AND EVIDENTIARY ISSUES

### A.   Undisputed Facts

The following facts are undisputed:

1.   Plaintiff Gary Williams (CDCR No. K19320) is a convicted felon, and an inmate of the California Department of Corrections and Rehabilitation currently serving multiple sentences, including a sentence of life without parole.  He has been an inmate of CDCR since August 1996.

2.   Defendant is a Correctional Officer employed by CDCR.

---

[1] As Plaintiff did not submit a pretrial statement, the Court does not have Plaintiff's input on many sections of this pretrial order, including Plaintiff's disputed facts, disputed evidentiary issues, special factual information, witness list, and list of exhibits. Plaintiff original statement was due on January 1, 2016 and was late by over two weeks when he said he mailed it.  (ECF No. 76.).  The Court exercised its discretion and gave Plaintiff additional time but must now issue the pretrial statement so as to frame the issues and evidence for an impending trial and not cause greater prejudice to the defendant.

3.      Plaintiff was an inmate at Kern Valley State Prison (KVSP) on May 24, 2010.

4.      Defendant was working as a Correctional Officer at KVSP on May 24, 2010.

5.      On May 24, 2010, at approximately 2:30 p.m., two fights between several inmates erupted on the A Facility yard at KVSP.

6.      Plaintiff was on the yard at the time the fights broke out, and in close proximity to one of the fights.

7.      Defendant was working as an Observation Officer for A yard at the time the fights broke out.

8.      Officers, including Defendant, gave orders for inmates to "get down" and some inmates on the yard did not comply with those orders.

9.      Several officers used various types of force in order to stop the fights.

10.     Defendant deployed foam rubber rounds in an effort to stop the inmates from fighting.

**B.      Disputed Facts**

Defendant submits the following facts as disputed:

1.      Whether Plaintiff was hit by a foam rubber round from Defendant's launcher or by a round fired by another officer.

2.      Whether Defendant used excessive force in deploying foam rubber rounds on May 24, 2010.

3.      Whether Plaintiff suffered only a contusion or any permanent or on-going injuries from being hit by a foam rubber round allegedly fired by Defendant.

**C.      Disputed Evidentiary Issues**

Defendant submits that the following evidentiary issues as disputed:

1.      Whether Plaintiff should be allowed to offer opinion testimony concerning his medical and mental health conditions, diagnoses, physical injuries, and their causes.

2.      Whether the abstracts of judgment for Plaintiff or any incarcerated witnesses are admissible for impeachment purposes.

3.     Whether evidence pertaining to any of Plaintiff's dismissed claims and dismissed Defendants is admissible for any purpose.

4.     Whether Plaintiff should be precluded from offering lay testimony regarding the ballistic characteristics of foam rubber rounds.

## IV.     SPECIAL FACTUAL INFORMATION

Defendant contends that the doctrines of strict liability and res ipsa loquitur do not apply. Defendant contends that assuming Plaintiff can prove that he was injured by a round fired by Defendant, any injuries suffered by Plaintiff were minor or de minimis, in that he sustained no permanent or on-going injuries, and that he is not entitled to punitive damages.

## V.     RELIEF SOUGHT

Plaintiff's complaint seeks compensatory damages in the amount of $50,000.00, nominal damages in the amount of $1.00, and punitive damages in the amount of $20,000.00.

## VI.     POINTS OF LAW

### A.     Action Under 42 U.S.C. § 1983

This § 1983 action is governed by federal law.  To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and that the alleged violation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  A person deprives another of a constitutional right under § 1983 only if he "does an affirmative act, participates in another's affirmative acts," or fails to perform a legally required duty which "causes the deprivation of which" the plaintiff complains.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  A plaintiff must demonstrate that the official was the "moving force" behind the constitutional deprivation.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

### B.     Excessive Force Claim Under the Eighth Amendment

The relevant inquiry for an Eighth Amendment excessive force claim is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).  In making this determination, the court may evaluate "the need for the application

1  of force, the relationship between the need and the amount of force that was used, [and] the
2  extent of injury inflicted." <u>Whitley</u>, 475 U.S. at 321; <u>Marquez v. Gutierrez</u>, 322 F.3d 689, 692
3  (9th Cir. 2003).   Prison administrators "should be accorded wide-ranging deference in the
4  adoption and execution of policies and practices that in their judgment are needed to preserve
5  internal order and discipline and to maintain institutional security."   <u>Id.</u> at 321-22 (quoting <u>Bell</u>
6  <u>v. Wolfish</u>, 441 U.S. 520, 547 (1970)).   Plaintiff must prove that Defendant's use of force "was the
7  actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel
8  and unusual punishment."   <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>see also</u> <u>Rizzo v.</u>
9  <u>Goode</u>, 423 U.S. 362, 370-71 (1976).

10           1.      <u>More Than De Minimis Injury Required</u>

11          Plaintiff has to show more than a <u>de</u> <u>minimis</u> injury.   Under the Prison Litigation Reform
12  Act (PLRA), "no federal civil action may be brought by a prisoner confined in a jail, prison, or
13  other correctional facility, for mental or emotional injury suffered while in custody without a
14  prior showing of physical injury."   42 U.S.C. § 1997e(e).   In other words, Burnett must plead a
15  physical injury within the meaning of the PLRA in order to recover damages for mental or
16  emotional injuries. In <u>Siglar v. Hightower</u>, plaintiff alleged that a correctional officer verbally
17  and physically abused him. Specifically, plaintiff alleged that his ear was bruised and sore for
18  three days from being twisted by the correctional officer. The Court of Appeals held that
19  plaintiff's alleged injury was <u>de</u> <u>minimis</u>, and that he had not raised a valid Eighth Amendment
20  claim for excessive use of force. <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997).

21          Likewise, in <u>Luong v. Hatt</u>, 979 F.Supp. 481 (N.D. TX 1997), an inmate filed a failure to
22  protect claim alleging that he suffered injuries including: a bleeding tongue and injured shoulder
23  which lasted a couple of days; minor abrasions on his right forearm, chest, and a contusion with
24  slight swelling of his jaw; and red swollen wrists which lasted two or three days. <u>Id.</u> at 485. The
25  court discussed that "a physical injury is an observable or diagnosable medical condition
26  requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a
27  scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." <u>Id.</u> at 486.   The
28  court concluded that plaintiff's injuries were either nonexistent or <u>de</u> <u>minimis</u>. <u>Id.</u> at 485; <u>see</u>

also, Spicer v. Collins, 9 F.Supp.2d 673 (E.D. TX 1998) (Plaintiff's injuries of pain in his neck, arms and hands from being handcuffed were at most de minimis.).

Under Eighth Amendment jurisprudence, only extreme deprivations rise to the level of a constitutional violation.  The existence of an injury that a reasonable doctor or patient would find worthy of treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic and substantial pain are recognized examples of conditions that rise to the level of an objectively serious deprivation or injury under the Eighth Amendment. McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).  Minor cuts and bruises do not constitute serious injury.  Hill v. Dekalb Youth Detention Center, 40 F.3d 1176, 1188 (11th Cir. 1994).

Also, the Prison Litigation Reform Act (PLRA) requires that prisoners bringing actions must show more than a de minimis physical injury. 42 U.S.C. § 1997e(e); Oliver v. Edwards, 289 F.3d 623 (2002); see also Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without a mattress for one night is insufficient to state Eighth Amendment violation and no amendment can alter that deficiency), vacated on other grounds, 504 U.S. 25 (1992); Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); DeMallory v. Cullen, 855 F.2d 442, 445 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); Holloway v. Gunnell, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); Miles v. Konvalenka, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); Vega v. Parsley, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate Eighth Amendment); Evans v. Fogg, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

2.    Deference Should Be Accorded to Prison Officials.

Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order

and discipline and to maintain institutional security. <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979); <u>Norwood v. Vance</u>, 591 F.3d 1062, 1069-70 (9th Cir. 2010). That deference extends to prison security measures taken in response to an actual disruption, just as it does to preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. <u>LeMaire</u>, 12 F.3d at 1453. Prison officials have, and must have, discretion to deal with disruption and they deserve deference in their exercise of discretion. <u>See</u> <u>Bell</u>, 441 U.S. at 547 and <u>Norwood</u>, 591 F.3d 1062. "These decisions are delicate ones and those charged with them must be given reasonable leeway." <u>Norwood</u>, 591 F.3d at 1069-70, citing <u>Hayward</u>, 629 F.2d at 603. Federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. <u>Wright v. Rushen</u>, 642 F.2d 1129, 1132 (9th Cir. 1981).

**C.    Damages**

1.    <u>Compensatory Damages</u>

In order to recover compensatory damages, the Plaintiff must prove that a violation of his constitutional rights actually caused him injury. <u>Adam v. Wolff</u>, 624 F.Supp. 1036, 1038 (D. Nevada 1985).

2.    <u>Punitive Damages</u>

Punitive damages are available in a § 1983 action only when a defendant's conduct is shown to be motivated by evil motive or intent or when it involves reckless or callous indifference to the federally protected rights of others. <u>Smith v. Wade</u>, 461 U.S. 30, 51 (1983). It is not enough that a defendant may have acted in an objectively unreasonable manner; his subjective state of mind must be assessed. <u>Wulf v. City of Wichita</u>, 883 F.2d 842, 867 (10th Cir. 1989). Where there is no evidence that a defendant acted with evil intent, there is no legal right to punitive damages. <u>Ward v. City of San Jose</u>, 967 F.2d 280, 286 (9th Cir. 1991). The plaintiff alleging a § 1983 claim has the burden of proving that punitive damages should be awarded by a preponderance of the evidence. <u>Dang v. Cross</u>, 422 F.3d 800, 807 (9th Cir. 2005) (citing Model Civ. Jury Instr. 9th Cir. 7.5 (2004)).

**D.    Impeachment by Prior Felony Conviction**

If Plaintiff or other inmate witnesses testify at trial, the jury is entitled to consider their

1  credibility.  For the purpose of attacking the character for truthfulness of a witness, evidence that

2  a witness has been convicted of a crime that was punishable by imprisonment in excess of one

3  year shall be admitted subject to Federal Rule of Evidence 403.  Fed. R. Evid. 609(a)(1); see,

4  e.g., Untied States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1983) (finding that trial court

5  properly determined that probative value of seventeen-year old conviction outweighed its

6  prejudicial effect when needed to resolve significant conflict between defendant and the

7  government's chief witness).

8      The presumption under Rule 609(a) is that the term "evidence" encompasses the essential

9  facts of the conviction, including the statutory name of each offense, the date of conviction, and

10  the sentence imposed.  United States v. Estrada, 430 F.3d 606, 615-16 (2d Cir. 2005); United

11  States v. Osazuwa, 564 F.3d 1169, 1175 (9th Cir. 2009) (stating that impeachment with prior

12  convictions is generally limited to the crime charged, the date, and the disposition); see also, 4

13  Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 609.20[2] at 609-57

14  (2d ed. 2005) ("When a prior conviction is admissible for impeachment, the impeaching party is

15  generally limited to establishing that bare facts of the conviction; usually the name of the

16  offense, the date of the conviction, and the sentence.").

17      **E.    Qualified Immunity**

18      The Government officials are "shielded from liability for civil damages insofar as their

19  conduct does not violate clearly established statutory or constitutional rights of which a

20  reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The

21  purpose of the rule is to permit officials to undertake their responsibilities without fear that they

22  will be held liable in damages for actions that appear reasonable at the time, but are later held to

23  violate statutory or constitutional rights.  Id. at 819.  "The concern of the immunity inquiry is to

24  acknowledge that reasonable mistakes can be made" and that it is "often difficult for an officer to

25  determine how the relevant legal doctrine will apply to the factual situation that he faces."  Estate

26  of Ford v. Ramirez Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002) (citing Saucier v. Katz, 533 U.S.

27  194, 205 (2001)).  Thus, "regardless of whether the constitutional violation occurred, the

28  [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the

1  [official] could have reasonably believed that his particular conduct was lawful." Romero v.

2  Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

3         In Saucier, the Supreme Court set forth a two-part inquiry to determine whether the

4  immunity exits.  The initial inquiry, or first prong, is whether "[t]aken in the light most favorable

5  to the party asserting the injury, . . . the facts alleged show that the officer's conduct violated a

6  constitutional right." Saucier, 533 U.S. at 201.  If, and only if, a violation can be made out, the

7  next step, or second prong, is to ask whether the "right was clearly established." Id.  If the right

8  was clearly established at the time of the alleged incident, the court must then determine

9  whether, "under that law, could a reasonable state official have believed his conduct was lawful."

10 Id. at 202; Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001) (quoting Browning v. Vernon,

11 44 F.3d 818, 822 (9th Cir. 1995)).  "The linchpin of qualified immunity is the reasonableness of

12 the official's conduct." Rosenbaum v. Washoe County, 654 F.3d 1001, 1006 (9th Cir. 2011).

13 Reasonableness is judged against the backdrop of law at the time of the conduct at issue.

14 Brouseau v. Haugen, 543 U.S. 194, 198 (2004); Wilson v. Layne, 526 U.S. 603, 614 (1999).

15 Thus, the reasonableness inquiry must be undertaken in light of the specific context of the case

16 and not as a general, broad proposition.  Saucier, 533 U.S. at 202; Kennedy v. Ridgefield, 439

17 F.3d 1055, 1065-66 (9th Cir. 2006).   Qualified immunity allows ample room for mistaken

18 judgments—regardless of whether the government official's error is "a mistake of law, a mistake

19 of fact, or a mistake based on mixed questions of law and fact"—and applies even when

20 wrongful conduct occurs.  Richardson v. McKnight, 521 U.S. 399, 403 (1997); Pearson v.

21 Callahan, 555 U.S. 223, 231 (2009).  The court has the discretion, based on the circumstances of

22 the particular case at hand, to decide whether the two-part inquiry is worthwhile or if a

23 determination can be made by analyzing a single prong of the immunity inquiry.  Pearson, 555

24 U.S. at 236.

25 **VII.   STIPULATIONS**

26       None.

27 **VIII.  AMENDMENTS/DISMISSALS**

28       None.

**IX.     SETTLEMENT NEGOTIATIONS**

Defendant does not believe this case could settle, given the amount of restitution owed by Plaintiff.

**X.     AGREED STATEMENT**

None.  Defendant does not believe presentation of an Agreed Statement of Facts is feasible or advisable.

**XI.     SEPARATE TRIAL OF ISSUES**

As is this Court's standard practice, the Court will bifurcate the issue of punitive damages.  If the jury finds that Defendant is liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

**XII.     IMPARTIAL EXPERTS/LIMITATION OF EXPERTS**

None.

**XIII.     PRE TRIAL FILING DEADLINES**

**A.  Motions In Limine and Hearing.**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area.  United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009).  In the case of a jury trial, the Court's ruling gives Plaintiff and Defendants' counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury.  Id. at 1111-1112.  Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose.  Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

This Court further orders the parties to file motions in limine only with respect to important, critical issues.  Motions in limine on abstract evidentiary issues or issues more appropriately addressed by the Court on a case-by-case basis (such as a motion in limine to exclude all irrelevant evidence) will be looked upon with disfavor.  After satisfying the forgoing, if a motion in limine still seeks to address the admissibility of a particular trial exhibit, the

1  exhibit in question must be referenced by the trial exhibit number so that the court can review the

2  actual exhibit for admissibility.  If the exhibit sought to be admitted would not be in the court's

3  possession one week prior to the motion in limine hearing, then the exhibit in question must be

4  included in the motion.   Failure to properly reference or attach an exhibit in the motion will

5  result in the request being denied.

6         The parties shall not file separate motions in limine for every issue presented to the

7  Court.  Rather, each party may file one consolidated motion in limine which is subdivided into

8  separate sections for each issue setting for the legal authority and analysis.  The responding party

9  shall file one opposition in response addressing each motion in limine issue in a separate section.

10        As set forth at the pretrial conference, the deadline for service and filing of motions in limine

11  is **February 22, 2016**. The deadline for service and filing of an opposition, if any, is **March 14,**

12  **2016**. The deadline for service and filing of a reply, if any, is **March 21, 2016**.  A telephonic motions

13  in limine hearing will be held on **March 28 2016, at 11:00 a.m.** in Courtroom Nine, before the

14  undersigned. Counsel for defendants is directed to arrange for telephone contact with Plaintiff and to

15  contact the Courtroom Deputy, Mamie Hernandez, at (559) 499-5672, prior to the hearing date, to

16  receive instructions regarding the conference call.  The parties are directed to the Court previous

17  order regarding the format and scope of the motion in limine and such motion and opposition shall

18  conform to those requirements.

19        **B.    Trial Witnesses:**

20        No later than **February 16, 2016**, each party shall file and serve a final witness list,

21  including the name of each witness and omitting witnesses listed in the joint pretrial statement

22  which the parties no longer intend to call.  **Only witnesses who are listed in this pretrial order**

23  **may appear on the final witness list**.  **The parties may not call any witness that is not on the**

24  **final witness list unless (1) it is <u>solely</u> for impeachment or rebuttal purposes, (2) the parties**

25  **stipulate, (3) additional witnesses are required in light of the Court's ruling on a motion in**

26  **limine[2], or (4) it is necessary to prevent "manifest injustice."**  Fed. R. Civ. P. 16(e); Local

27  ────────────────
[2] Any party seeking to add additional witnesses beyond those named in the final witness list in light of the Court's

28  ruling on a motion in limine must file a notice with the Court within two (2) days after the Court's order on the

motion in limine.

11

Rule 281(b)(10).

During trial, the parties' are obligated to provide the opposing party, by the close of the prior business day, the names of the witnesses the party intends to call on the next trial day.  If evidentiary problems are anticipated, the parties' shall immediately notify the Court that a hearing will be required.

The following is a list of witnesses that the parties expect to call at trial:

1.      Plaintiff Anticipates Calling the Following Witnesses:

a.      Gary Williams, Plaintiff

b.      Michael Davis[3]

2.      Defendant Anticipates Calling the Following Witnesses:

a.      S. Steglinski, Defendant.

b.      R. Dyer, Correctional Officer, Kern Valley State Prison

c.      G. Smith, Correctional Officer, Kern Valley State Prison

d.      J. Yerena, Correctional Officer, Kern Valley State Prison

e.      William Adams, Expert Witness, Correctional Officer, Kern Valley State Prison

f.      J. Kohler, Correctional Sergeant, Kern Valley State Prison

g.      B. Kirby, Correctional Sergeant, Kern Valley State Prison

h.      L. Ortega, Correctional Sergeant, Kern Valley State Prison

i.      Dr. J. Akanno, treating physician, California State Prison, Corcoran

j.       Dr. J. Hodges, treating physician, RJ Donovan Correctional Facility

k.      E. Frances, Nurse Practitioner, California State Prison, Los Angeles County

l.      Doctor Susan Morris, Expert Witness, treating physician, California State Prison, Los Angeles County (LAC)

m.      The custodian of records for Plaintiff's central inmate file.

n.      The custodian(s) of records for Plaintiff's medical file, including if necessary the

---

[3] During the pretrial conference, Plaintiff indicated that he will be calling Michael Davis, who is a nonincarcerated witness.  Plaintiff indicated that Mr. Davis is coming voluntarily and he did not subpoena him.  Plaintiff indicated that he would provide Mr. Davis's phone number to defendant's counsel.  However, as of this date, the Court has not received Plaintiff's pretrial statement.

1    custodian of records for Delano Regional Medical Center.

2        o.     The custodians of records who maintain the central files for any inmate witnesses.

3        **The parties are forewarned that <u>every</u> witness they intend to call must appear on**

4  **their own witness list.  The mere fact that a witness appears on the opposing party's**

5  **witness list is not a guarantee that the witness will be called at trial or otherwise be**

6  **available for questioning by other parties.  Each party must undertake independent efforts**

7  **to secure the attendance of <u>every</u> witness they intend to call at trial.**

8        **C.**     **Exhibits**

9        As noted below, no later than **March 29, 2016**, the Defendant shall file and serve

10  Defendant's final exhibit list and pre-marked exhibits for both Plaintiff and Defendant.

11        1.    <u>Pre-Marked Exhibits</u>:

12        All exhibits must be pre-marked with an exhibit sticker or other legible

13  numbering/lettering by the party who seeks to use it.  If the individual exhibit includes multiple

14  pages and is not easily identified as to each page (i.e., Bates stamp numbering), then the exhibit

15  must be page numbered.  This requirement that exhibits be pre-marked applies both to evidence

16  that will be formally admitted into evidence as well as any other exhibits that will be presented in

17  any manner during trial, such as "demonstrative" evidence.  Each individual "original" exhibit

18  that will be submitted to the jury must be stapled/fastened so that the exhibit does not become

19  separated.  Further, exhibits submitted to the jury must be pre-marked on the front page <u>only</u> in

20  the manner described above.  Impeachment or rebuttal evidence need not be pre-marked.

21        **a.**     **Joint Exhibits**:  Joint exhibits are those exhibits which all parties agree may be

22              admitted into evidence without the need for laying a proper foundation under the

23              Federal Rules of Evidence.   Joint exhibits must be pre-marked with the

24              designation "J-[Number]" (e.g., J-1, J-2).  Those exhibits may be introduced at

25              any time during the course of the trial.   However, unless the parties agree

26              otherwise on the record, joint exhibits are not "automatically" admitted into

27              evidence: at least one of the parties must admit a joint exhibit into evidence.  If an

28              exhibit is not admitted by any party, the exhibit will not be given to the jury

despite its "joint" designation as an exhibit.

    **b.**    **Plaintiff's Exhibits**:  Plaintiff's exhibits must be pre-marked using **numbers** beginning with 1 (e.g., 1, 2, etc).  The Plaintiff must pre-mark his exhibits before they are provided to the Defendant(s).

    **c.**    **Defendant's Exhibits**:  Defendant's exhibits must be pre-marked using **letters** beginning with A (e.g., A, B, C...AA, BB, CC...AAA, BBB, CCC, etc.).

    2.    <u>Exchange and Filing of Exhibits List and Exhibits</u>

No later than **March 1**, the parties shall exchange their proposed exhibits.[4]  The exhibits exchanged shall be pre-marked by each party and corrected exhibited in the format described in Part XIII.C.1, above.

Defendant is required to submit trial exhibits for both parties in binders.  As noted above, the Defendant shall submit **[three (3)] complete, legible and identical sets of exhibits in binders** on or about **April 12, 2016**.  Within the binders, the pre-marked exhibits must be separately tabbed and assembled in sequential order.  The three complete binders shall be delivered to Courtroom Clerk Mamie Hernandez for use (1) by the Court; (2) at the witness stand for the witnesses; and (3) by the plaintiff at trial**.**

    3.    <u>Exhibits</u>

The following is a list of documents or other exhibits that the parties expect to offer at trial.  As set forth above, exhibits must be pre-marked.  <u>See</u> discussion, <u>supra</u>, Part XIII.C.1.  No exhibit, other than those listed in this section, may be admitted unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

    **a.**    **Defendants' Exhibits**

    i.    Plaintiff's Abstract of Judgment

    ii.    Bed Assignments for Plaintiff and Inmate M. Davis (T08271)

    iii.    Portions of Crime/Incident Reports, CDCR 837A, 837A1, 837B, 837C as related to Incident Log Number KVSP FAY 10-05-0292 (Bates numbers CDCR 018-

---

[4] This date supersedes the dates in any prior orders.

14

1            CDCR 085)

2        iv.      Incident Photos taken by J. Yerena, and identified in incident reports for Incident

3                 Log Number KVSP FAY 10-05-0292

4        v.       DVD-Video of interview of Plaintiff June 2010

5        vi.      Additional photographs of KVSP Facility A yard

6        vii.     Plaintiff's Inmate Appeal (CDC 602) Log Number KVSP 10-01234

7        viii.    California Code of Regulations, Title 15, section 3268, Use of Force (2009)

8        ix.      Medical records of Plaintiff, including but not limited to: Delano Regional

9                 Medical Center Patient Summary dated May 25, 2010; results of CT Scan taken

10                May 25, 2010; Primary Care Provider Progress Note June 2, 2010, July 26, 2010,

11                September 21, 2010, December 14, 2010 (Akanno); Medical Classification

12                Chrono, December 7, 2010; Medical Progress Note May 18, 2012 (Morris);

13                Result of x-ray of cervical spine May 22, 2012; Progress Note August 16, 2012,

14                March 25, 2013 (Frances); Medical Progress Note December 4, 2015 (Hodges);

15                results of x-ray cervical spine November 13, 2014.

16        If the parties intend to use copies of exhibits or evidence at trial, those copies must be

17  legible.  The Court may, on its own motion, exclude illegible copies from evidence.

18        4.      Responses to Discovery Requests

19        The parties may admit responses to discovery requests[5] into evidence.  The parties shall

20  file and serve a list of all responses to discovery requests intended to be used at trial no later than

21  **April 8, 2016.**  The list shall identify the responses to discovery requests by title and set number.

22        If a party seeks to admit a physical copy of the discovery responses into evidence at trial,

23  the discovery responses must be pre-marked as an exhibit in the same manner discussed above.

24  See discussion, supra, Part XIII.C.1.  Alternatively, if the party intends to read relevant portions

25  of the discovery responses into evidence, a copy of the discovery responses must be lodged with

26  the Court no later than **April 8, 2016.**  The Court will address objections to discovery responses

27

28  _____
[5] Responses to discovery requests include responses to depositions by written questions (Fed. R. Civ. P. 31), interrogatories (Fed. R. Civ. P. 33) and requests for admissions (Fed. R. Civ. P. 36).

as they arise during trial.

Even though discovery is closed, all parties are reminded of their continuing obligation to update their prior discovery responses if they obtain new information or is otherwise made aware that a prior discovery response is incomplete or incorrect.  Fed. R. Civ. P. 26(e)(1).

**If a party attempts to admit or use for any purpose evidence that (1) was not previously disclosed during discovery and (2) should have been disclosed as an initial disclosure under Rule 26(a) or as a supplemental disclosure under Rule 26(e), the Court will prohibit that party from admitting or using for any purpose that evidence at trial, unless the failure was substantially justified or was harmless.  See Fed. R. Civ. P. 37(c)(1).**

5.   Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than March 29, 2016.**  Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than April 8, 2016.**  The original certified transcript of any deposition identified in a designated or counter-designation shall be lodged with the clerk's office **no later than April 8, 2016**, if not previously lodged with the Court.

If any party intends to admit relevant portions of deposition testimony into evidence, the relevant deposition testimony must be pre-marked as an exhibit in the same manner discussed above.  See discussion, supra, Part XIII.C.1.  However, any party may request that deposition testimony offered for any purpose other than impeachment be presented in nontranscript form, if available.  See Fed. R. Civ. P. 32(c).

The Court will address objections to deposition testimony as they arise during trial.

6.   Duty of the Parties' Counsel

The Court respects the jury's time and expects issues that must be presented outside the jury's presence to be raised such that the jury's service is not unnecessarily protracted.  To the extent possible, the parties shall raise issues that must be presented to the Court outside of the jury's presence (1) in the morning before the jury sits, (2) during breaks, (3) in the afternoon after the jury is excused or (4) during any other appropriate time that does not inconvenience the

1    jury.  For example, if evidentiary problems can be anticipated, the parties should raise the issue

2    with the Court before the jury sits so that there is no delay associated with specially excusing the

3    jury.  Issues raised for the first time while the jury is sitting when the issue could have been

4    raised earlier will be looked upon with disfavor and counsel may be sanctioned for any fees,

5    costs or other expenses caused by their failure to raise the issue at a more convenient time.

6           7.    Post-Trial Exhibit Retention

7           Pursuant to Local Rule 138(f), the Court will order that custody of all exhibits be returned

8    to the defendant's counsel after completion of the trial.  The Defendant's counsel shall retrieve

9    the original exhibits from the courtroom deputy following the verdict in the case.   The

10   Defendants' counsel shall retain possession of and keep safe all exhibits until final judgment and

11   all appeals are exhausted or the time for filing an appeal has passed.

12          **D.    Trial Briefs**

13          Trial briefs are not required in this case.  However, if the parties chose the file a trial

14   brief, it shall be filed and served no later than **April 8, 2016.**[6]  The form and content of the trial

15   brief must comply with Local Rule 285.  Special attention should be given in the trial brief to

16   address reasonably anticipated disputes concerning the substantive law, jury instructions and/or

17   admissibility of evidence.  Local Rule 285(a)(3).  The parties need not include in the trial brief

18   any issue that is adequately addressed in a motion in limine or in an opposition brief to a motion

19   in limine.

20          **E.    Jury Instructions**

21          The parties shall filed proposed jury instructions as provided in Local Rule 163 on or

22   before than **April 8, 2016**. The parties are only required to file proposed jury instructions relating

23   to the substantive law underlying this action. All proposed jury instructions shall (1) indicate the

24   party submitting the instruction (i.e., joint/agreed-on, Plaintiff's or Defendants'), (2) be

25   numbered sequentially, (3) include a brief title for the instruction describing the subject matter,

26   (4) include the text of the instruction, and (5) cite the legal authority supporting the instruction. If

27   the proposed jury instruction is based on the Ninth Circuit Model Jury Instructions, CACI, BAJI

28   ---
[6] The deadline set for trial briefs set in this order shall supersede the deadline set in Local Rule 285(a).

or other source of jury instructions, the proposed jury instruction shall also include a citation to that specific instruction. All proposed jury instructions shall be e-mailed in Word® format to saborders@caed.uscourts.gov no later than **April 8, 2016**.  Jury Instructions will not be given or used unless they are so e-mailed to the Court.

The Court will not accept a mere list of numbers associated with form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. Any blank fields in the form instructions must be filled-in before they are submitted to the Court. Irrelevant or unnecessary portions of form instructions must be omitted. Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and consist of neutral and accurate statements of the law. Argumentative or formula instructions will not be considered.

If any party proposes a jury instruction that departs from the language used in the Ninth Circuit Model Jury Instructions, CACI, BAJI or other source of jury instructions, that party shall, by italics or underlining, highlight the differences in language and must cite the legal authority supporting the modification.

No later than **April 14, 2016,** the parties shall file and serve written objections to any disputed jury instructions proposed by another party. All objections shall be in writing and (1) shall set forth the proposed instruction objected to in its entirety, (2) shall specifically set forth the objectionable matter in the proposed instruction, and (3) shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

**F.    Proposed Verdict Form**

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must

18

do so on or before [INSERT DATE—Two Mondays before trial]   Defense counsel's proposed verdict form shall also be e-mailed as a Word® attachment to saborders@caed.uscourts.gov no later than **April 8, 2016.**

### G.     Proposed Jury Voir Dire

Proposed voir dire questions, if any, shall be filed on or before **April 8, 2016**, pursuant to Local Rule 162.1(a).  The parties each are limited to fifteen (15) minutes of jury voir dire, unless this Court determines more time is warranted.

### H.     Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **April 8, 2016.**  The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### XIV.   ASSESSMENT OF JURY COSTS FOR FAILURE TO TIMELY NOTIFY COURT OF SETTLEMENT

The parties must immediately notify the Court of any agreement reached by the parties which resolves this litigation in whole or in part.  Local Rule 160(a).  The parties must advise the Court of settlement immediately, but must do so no later than 4:30 p.m. (Pacific Time) on **April 14, 2016.**  If, for any reason attributable to counsel or parties, including settlement, the Court is unable to commence a jury trial as scheduled when a panel of prospective jurors has reported for voir dire, the Court may assess against counsel or parties responsible all or part of the cost of the panel.  Local Rule 272(b).  Jury costs will include attendance fees, per diem, mileage, and parking.  If the parties request a continuance after the jury has been called, the Court may assess jury costs as a condition for the continuance.

### XV.    COMPLIANCE WITH THIS ORDER

Strict compliance with this order and its requirements is mandatory.  This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to jury instructions and verdict forms.  Failure to comply with all provisions of this order may be grounds for the imposition of sanctions, including possible dismissal of this action or entry of

1  default, on any all counsel as well as on any party who causes non-compliance with this order.

2  This order shall be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

3     Moreover, this order supersedes the parties' pretrial statement and controls the conduct of

4  further proceedings irrespective of any purported rights the parties claim to reserve in their

5  pretrial statement.

6  ### XVI.   OBJECTIONS TO PRETRIAL ORDER

7     Any party may file and serve written objections to any of the provisions of this order on

8  or before **February 12, 2016**. Such objections shall specify the requested modifications,

9  corrections, additions or deletions.

10  ### XVII.  USE OF ELECTRONIC EQUIPMENT IN COURTROOM

11     Any party wishing to receive an overview or tutorial of the Court's electronic equipment

12  must contact the Courtroom Deputy Clerk Mamie Hernandez at (559) 499-5672 or

13  mhernandez@caed.uscourts.gov at least two (2) weeks before the start of trial in order to

14  schedule a tutorial session at a time convenient to the Court's Information Technology staff.  The

15  parties will not be provided any training on the day of or during the course of the trial.

16     The electronic equipment and resources available for this trial may differ from the

17  equipment and resources available in other courtrooms and may even differ from the equipment

18  and resources available in this courtroom at another time.  It is the responsibility of the parties to

19  familiarize themselves with the equipment and resources available for use in this trial prior to the

20  commencement of trial.  If any party is unfamiliar with the equipment and resources available for

21  use in this trial, that party may be ordered to proceed without the aid of such equipment and

22  resources and/or may be sanctioned for any fees, costs or expenses associated with any delay.

23     Depending upon Court available equipment at the time of trial, the Plaintiff may be

24  provided with an electronic overheard projector at his trial table for purposes of showing

25  exhibited and admitted exhibits at trial.  Accordingly, Plaintiff need not request that he allowed

26  to use electronic equipment as Plaintiff may be provided with electronic equipment if available.

27  ### XVIII. OTHER INFORMATION

28     Additional information describing this Court's expectations regarding attorney conduct

and decorum during all proceedings before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (http://www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB).   In the area entitled "Case Management Procedures," there are links to "Standard Information" and "Trial Conduct and Decorum."   All parties and counsel shall comply with the guidelines set forth therein.   However, in the event that there is a conflict between this order and the information on the Court's website, this order shall supersede the information on the Court's website.   Furthermore, additional information can be found on the Court's link including the Court's "Jury Selection Procedures" in civil juries.

IT IS SO ORDERED.

Dated:   **February 5, 2016**   

UNITED STATES MAGISTRATE JUDGE

21