# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. STEGLINSKI,<br><br>　　　　Defendant. | Case No. 1:12-cv-00786-SAB<br><br>ORDER PARTIALLY GRANTING DEFENDANT'S MOTIONS IN LIMINE<br><br>(ECF No. 89) |

Plaintiff Gary Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant S. Steglinski for excessive force in violation of the Eighth Amendment. The matter is set for jury trial before the undersigned on April 19, 2016, at 8:30 a.m.

On February 22, 2016, Defendant filed motions in limine. (ECF No. 89.) Plaintiff did not file an opposition to Defendant's motions in limine. On March 28, 2016, the Court held a telephonic motions in limine hearing, and counsel Arthur Mark III and Misha Igra appeared on behalf of Defendant and Plaintiff appeared pro se.

**I.**

**LEGAL STANDARD**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may

use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

## II.

## DEFENDANT'S MOTIONS IN LIMINE

### A. Testimony by Plaintiff Regarding Medical Opinion

Defendant moves to preclude Plaintiff from introducing testimony, opinions or argument that being hit by a foam rubber round caused him any permanent, on-going, or long term physical injuries or mental and emotional distress. Defendant argues that Plaintiff does not possess the knowledge or expertise to provide an opinion as to the cause and effect relationship between being hit with a foam rubber round and any of Plaintiff's asserted medical conditions. At the hearing, Plaintiff did not contest being precluded from testifying regarding a diagnosis, opinions, inferences or causation for any medical matter.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge.

**Ruling:** Defendant's motion in limine is GRANTED IN PART. Plaintiff may testify as to what he experienced as a result of the May 24, 2010 incident. However, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation.

1  **B.    Testimony by Plaintiff Regarding Ballistic Characteristics of Foam Rubber Rounds or the Operation of the Launcher**

Defendant moves to exclude opinion testimony by Plaintiff as to whether the foam rubber round that hit him was fired directly at him, how the foam rubber round hit him, the ballistic characteristics of foam rubber rounds or the operation of the less lethal weapon at issue in this case. Defendant argues that Plaintiff has no training in forensics, the use of firearms or training in the type of weapons at issue in this case. Defendant contends that Plaintiff does not have any other specialized knowledge about ballistic characteristics of foam rubber rounds and operation of the launcher. At the hearing, Plaintiff proffered that he saw Defendant pointing the gun at him and then heard a noise and then felt being hit in the neck. At the hearing, Defendant argued that Plaintiff testified during his deposition that he could not see. Defendant stated that Plaintiff testified during his deposition about the velocity of the round.

Defendant is not entitled at this juncture to a broad preclusion of evidence on the basis that these subjects require specialized knowledge which Plaintiff does not possess. Plaintiff can testify about his own observations and experiences during the incident from personal knowledge.

Federal Rules of Evidence, Rule 701 allows a lay witness to offer opinions that are (a) rationally based on the witness's perception, (b) helpful to the jury, and (c) not based on scientific, technical, or other specialized knowledge within the scope of expert testimony.

**Ruling:** Defendant's motion in limine is DENIED, without prejudice, to renewal during trial by way of an appropriate and specific objection.

**C.    Reference to Claims That Were Dismissed**

Defendant moves to exclude Plaintiff from making any reference to dismissed claims against Kaur, Epperson, Horton, and Dyer. Defendant argues that testimony or evidence about claims the Court has dismissed could confuse the jury, waste time, and risk prejudice to Defendant that substantially outweigh the probative value of any evidence or testimony concerning the dismissed claims. At the hearing, Defendant argued that events that occurred after the remaining claim occurred are irrelevant.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and

evidence that is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides that relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the Court. Obrey v. Johnson, 440 F.3d 691, 698 (9th Cir. 2005).

**Ruling:** Defendant's motion in limine is GRANTED IN PART. Plaintiff may not provide testimony about or reference any claims that he filed that were previously dismissed from this action as such evidence is not relevant and is subject to exclusion under Rule 403. However, Plaintiff may discuss facts that are relevant to his remaining claim. Defendant may renew during trial his request to exclude testimony about facts that occurred after the incident in the remaining claim by raising an appropriate and specific objection.

### D.    Reference to CDCR or the State Paying Damages or Judgment

Defendant moves to preclude Plaintiff from referencing, arguing, or mentioning that the State of California or California Department of Corrections and Rehabilitation ("CDCR") may pay the judgment. Defendant argues that this is irrelevant, prejudicial, and improper evidence of indemnity. At the hearing, Plaintiff objected to this request.

Under Federal Rule of Evidence 411, evidence that a person was insured at the time the harm was suffered by another is inadmissible to prove liability. The reason for this evidentiary rule is that the evidence is both irrelevant and prejudicial to the defendant. Jamison v. A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964). The evidence is prejudicial because a jury is more inclined to deliver a verdict against a defendant if it believes that he is indemnified as opposed to the defendant alone being required to satisfy the judgment. Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

**Ruling:** Defendant's motion in limine is GRANTED. Any argument or evidence with regard to payment by the State of California or CDCR is both irrelevant and more prejudicial than probative and shall be excluded.

\ \ \

### E. Evidence Regarding "Green Wall," "Code of Silence," or Other Conspiracy Theories

Defendant seeks to preclude Plaintiff from presenting any evidence, testimony, or argument about the "Green Wall," "Code of Silence," or other conspiracy theories among employees of CDCR, because such evidence is irrelevant and prejudicial. Defendant argues that there is no evidence that Defendant participated in any such conspiracy. At the hearing, Plaintiff stated that things were going on and are still going on at Kern Valley State Prison.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible and evidence that is not relevant is inadmissible. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 403 provides that relevant evidence may be excluded if it will cause prejudice, undue delay, a waste of time, or a needless presentation of cumulative evidence in the discretion of the Court. Obrey v. Johnson, 440 F.3d 691, 698 (9th Cir. 2005).

**Ruling:** Defendant's motion is limine in GRANTED. Plaintiff may not elicit testimony regarding a "Green Wall," "Code of Silence," or other conspiracy theories because such terms and evidence are unfairly prejudicial to Defendant.

IT IS SO ORDERED.

Dated: **March 28, 2016**

UNITED STATES MAGISTRATE JUDGE

5