# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>S. STEGLINSKI,<br><br>   Defendant. | Case No. 1:12-cv-00786-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE M. DAVIS AS A WITNESS<br><br>(ECF No. 90) |

Plaintiff Gary Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant S. Steglinski for excessive force in violation of the Eighth Amendment. The matter is set for jury trial before the undersigned on April 19, 2016, at 8:30 a.m.

On February 22, 2016, Defendant filed motions in limine. (ECF No. 89.) On March 1, 2016, Defendant filed a motion to exclude M. Davis as a witness. (ECF No. 90.) To date, Plaintiff has not filed an opposition to Defendant's motion to exclude M. Davis as a witness.

On March 28, 2016, the Court held a telephonic motions in limine hearing, and counsel Arthur Mark III and Misha Igra appeared on behalf of Defendant and Plaintiff appeared pro se. The Court also addressed Defendant's motion to exclude M. Davis as a witness.

\ \ \

\ \ \

# I.

# DISCUSSION

Defendant moves to exclude Plaintiff's witness, M. Davis, from testifying at trial because of Plaintiff's failure to file a pretrial statement, failure to file his final witness list, and failure to provide the contact information for Mr. Davis. (ECF No. 90-1.) Defendant requests sanctions under Federal Rule of Civil Procedure 16(f).

Federal Rule of Civil Procedure 16(f)(1)(C) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling or other pretrial order." "In civil cases, a district court[] has broad discretion to exclude witnesses for failure to comply with pretrial orders." Tinsley v. Lomax, 33 F.3d 59, 1994 WL 441835, at *4 (9th Cir. Aug. 16, 1994) (citing United States v. Lummi Indian Tribe, 841 F.2d 317, 320-21 (9th Cir. 1988); United States v. First Nat. Bank of Circle, 652 F.2d 882, 886 n.5 (9th Cir. 1981)).

Defendant correctly points out that Plaintiff did not file a pretrial statement in accordance with the Court's September 15, 2015 trial scheduling order. On September 15, 2015, the Court issued a trial scheduling order that required Plaintiff to file his pretrial statement no later than January 1, 2016. (ECF No. 76.) Plaintiff did not file his pretrial statement by January 1, 2016. On January 14, 2016, the Court issued an order directing Plaintiff to file his pretrial statement on or before January 20, 2016. (ECF No. 81.) This order warned: "[t]he failure to file a pretrial statement may result in precluding Plaintiff from presenting certain evidence and/or calling certain witnesses during trial." (ECF No. 81.) Plaintiff did not file his pretrial statement by January 20, 2016. At the telephonic trial confirmation hearing on January 22, 2016, Plaintiff stated that he had mailed his pretrial statement on January 20, 2016. On February 16, 2016, the Court issued an amended pretrial order, which noted that the Court had not received Plaintiff's pretrial statement and stated: "[p]laintiff is forewarned that his continued failure to file his documents by the court ordered deadlines will result in his documents not being considered by the Court or the jury." (ECF No. 87.) To date, Plaintiff has not filed his pretrial statement.

In the February 16, 2016 amended pretrial order, the Court listed Plaintiff and Michael

Davis as Plaintiff's witnesses. The Court noted:

> During the pretrial conference, Plaintiff indicated that he will be calling Michael Davis, who is a nonincarcerated witness. Plaintiff indicated that Mr. Davis is coming voluntarily and he did not subpoena him. Plaintiff indicated that he would provide Mr. Davis's phone number. However, as of this date, the Court has not received Plaintiff's pretrial statement.

(ECF No. 87 at 12 at n.3.)

The Court's February 8, 2016 pretrial order and the Court's February 16, 2016 amended pretrial order directed "each party [to] file and serve a final witness list, including the name of each witness and omitting witnesses which the parties no longer intend to call" by February 16, 2016. (ECF Nos. 84, 87.) To date, Plaintiff has not filed his final witness list.

Defendant also argues that Mr. Davis should be excluded because Plaintiff has not provided the contact information for Mr. Davis as ordered during the trial confirmation hearing and as required by Local Rule 281(b)(10). Local Rule 281(b) provides in pertinent part:

> **(b) Form, Contents.** The pretrial statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions and in the following order:
>
> **(10) Witnesses.** A list (names and addresses) of all prospective witnesses, whether offered in person or by deposition or interrogatory, designating those who are expert witnesses. Only witnesses so listed will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order.

Defendant argues that he has no way of contacting Mr. Davis, because Mr. Davis has been discharged from parole and Plaintiff has not provided any contact information for Mr. Davis. Defendant asserts that this prejudices his ability to defend this lawsuit. At the March 28, 2016 telephonic hearing, Plaintiff provided two telephone numbers and the address for Mr. Davis.

Although Plaintiff has not filed his pretrial statement or his final witness list, as ordered by the Court and required under Local Rule 281(b)(10), Plaintiff stated during the January 22, 2016 trial confirmation hearing that he intended to call Mr. Davis as a witness. As of January 22, 2016, Defendant was aware that Plaintiff intended to call Mr. Davis. The Court included Mr.

Davis as one of Plaintiff's witnesses in the February 8, 2016 pretrial order and the February 16, 2016 amended pretrial order. It is clear that Defendant is aware of who Mr. Davis is. As noted in the amended pretrial order, Defendant added Mr. Davis's abstract of judgment and other relevant documents from Mr. Davis's central file to the list of exhibits that Defendant expects to offer at trial. (ECF No. 87.)

Defendant now has the contact information for Mr. Davis. When the Court balances the facts and circumstances of this case, the Court finds that Mr. Davis should not be excluded because of Plaintiff's failure to file a pretrial statement, failure to file a final witness list, and delay in providing the contact information for Mr. Davis. Therefore, the Court denies Defendant's motion to exclude Mr. Davis.

## II.
## ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to exclude M. Davis is DENIED.

IT IS SO ORDERED.

Dated:     **March 28, 2016**

UNITED STATES MAGISTRATE JUDGE